## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VAUGHN MOORE,                         :
    **Plaintiff**                 :
                                  :
    v.                            :       **CIVIL ACTION NO. 21-CV-5331**
                                  :
DELAWARE COUNTY COURTS,               :
    **Defendant**                 :

### MEMORANDUM

**PRATTER, J.**                                  **MARCH** 10, **2022**

Vaughn Moore, a prisoner currently incarcerated at the George W. Hill Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Mr. Moore seeks leave to proceed in *forma pauperis*. For the following reasons, Mr. Moore will be granted leave to proceed *in forma pauperis*, and his Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

### I.   FACTUAL ALLEGATIONS

In his letter Complaint,[1] Mr. Moore asserts that he is "filing suit against the DELAWARE [sic] COUNTY COURTS" for "Breach of Contract, Kidnapping, Forced Compliance,

---

[1] On December 1, 2021, the Clerk of Court docketed a one-page handwritten letter from Mr. Moore. (ECF No. 1.) The Clerk of Court treated this letter as a federal civil rights complaint brought pursuant to 42 U.S.C. § 1983 under Federal Rule of Civil Procedure 5. By Order dated December 14, 2021, the Court advised Mr. Moore, *inter alia*, that his letter Complaint did not meet the requirements of the Federal Rules of Civil Procedure and the applicable federal civil rights statutes. (ECF No. 3.) Mr. Moore was provided thirty (30) days in which to file an amended complaint to state the basis for his claims against each defendant. (*Id.*) Mr. Moore was also provided with a blank copy of the Court's form complaint to assist him with the filing of an amended complaint. (*Id.*) Following the entry of the Court's Order, Mr. Moore filed a Motion for Leave to Proceed *In Forma Pauperis* with an accompanying prisoner account statement (ECF Nos. 4-5), but chose not to file an amended complaint. As noted below, because the Court grants Mr. Moore leave to proceed *in forma pauperis*, his letter Complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2)(B).

Involuntary Servitude, Cruel & Unusual Punishment, Slander, False Impisonment [sic], Illegal

Incarceration, Universal Rights violations, Civil Rights violations, Constitutional Rights

violations, and Mental Anguish."  (Compl. at 1.)[2]  As exhibits, Mr. Moore attached documents

indicating that he pled guilty in criminal proceedings filed against him in the Delaware County

Court of Common Pleas and the Montgomery County Court of Common Pleas.  (ECF No. 1-1 at

1-4.)  Mr. Moore seeks $2.8 million in damages. (Compl. at 1.)

## II.    STANDARD OF REVIEW

The Court will grant Mr. Moore leave to proceed *in forma pauperis* because it appears he

is not capable of prepaying the fees to commence this action.[3]  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a

claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro*

*se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only

whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible []

claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] However, because Mr. Moore is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations and naked assertions will not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Moore is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Mr. Moore cannot maintain his federal constitutional claims against the Delaware County Courts, and his claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Eleventh Amendment bars suits in federal court that seek monetary damages against a state and its agencies. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Delaware Court of Common

3

Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). There is no indication Pennsylvania has waived its Eleventh Amendment immunity. Therefore, Mr. Moore's claims against the Delaware County Courts are barred by the Eleventh Amendment.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Mr. Moore leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Mr. Moore will not be given leave to amend because amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER, J.

4